Janet M. Herold
Regional Solicitor
Daniel J. Chasek
Associate Regional Solicitor
NANCY E. STEFFAN (CSBN 280958)
Trial Attorney
Office of the Solicitor
U.S. Department of Labor
350 S. Figueroa St., Suite 370
Los Angeles, California 90071
Direct: (213) 894-5366
Facsimile: (213) 894-2064
Email: Steffan.Nancy.E@dol.gov

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS E. PEREZ, Secretary of Labor, United States Department of Labor,<br><br>Plaintiff,<br><br>v.<br><br>ALKANAN, INC. d/b/a Recycling Innovation d/b/a Valley Recycling, a corporation;<br>KARIM AMERI, an individual;<br><br>Defendants. | Civil Action<br><br>File No. CV13-09228 -GAF (JEMx)<br><br>[PROPOSED] TEMPORARY RESTRAINING ORDER |

## I. INTRODUCTION

On December 16, 2013, the Secretary of Labor for the U.S. Department of Labor ("Secretary") filed suit against Defendants Alkanan, Inc. and Karim Ameri for acts and/or threats of retaliation by Karim Ameri, acting on behalf of and as agent for the Defendant companies, against Defendants' employees. The Defend-

ants were under investigation by the Wage and Hour Division of the Department of Labor ("Wage and Hour") for violations of the Fair Labor Standards Act ("FLSA"), and Defendant Ameri repeatedly instructed his employees to provide false information to the Wage and Hour investigator and threatened his employees with retaliatory termination, deportation, and/or bodily harm if they cooperated with the investigation. Such threats violate the FLSA's investigative and anti-retaliation provisions. See 29 U.S.C. §§ 211(a), 215(a)(3).

## II.  LEGAL STANDARD

Section 17 of the FLSA authorizes injunction proceedings in district courts, for cause shown, to restrain violations of Section 215 of the FLSA, including discrimination against an employee because "such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding." 29 U.S.C. § 217.

Normally, a party seeking a TRO under Federal Rule of Civil Procedure 65 "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008) (discussing standard for preliminary

injunction); <u>Frontline Medical Associates, Inc. v. Coventry Healthcare Workers Compensation, Inc.</u>, 620 F. Supp. 2d 1109, 1110 (C.D. Cal. 2009) (requirements for issuing TRO are identical to those for preliminary injunction); <u>L.A. Unified Sch. Dist. v. U.S. Dist. Ct.</u>, 650 F.2d 1004, 1008 (9th Cir. 1981) ("if the district court's order meets the exacting requirements of a preliminary injunction, it follows a fortiori that it is acceptable as a TRO"). Alternatively, "'serious questions going to the merits' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the Winter test are met." <u>Alliance for the Wild Rockies v. Cottrell</u>, 632 F.3d 1127, 1132 (9th Cir. 2011). A "serious question" is one on which the movant "has a fair chance of success on the merits." <u>Sierra On-Line, Inc. v. Phoenix Software, Inc.</u>, 739 F.2d 1415, 1421 (9th Cir. 1984).

However, a moving party need not satisfy the standard requirements for equitable relief when an injunction is sought to prevent the violation of a federal statute, and the statute specifically provides for injunctive relief. <u>Trailer Train Co. v. State Bd. of Equalization</u>, 697 F.2d 860, 869 (9th Cir. 1983); <u>Marxe v. Jackson</u>, 833 F.2d 1121, 1128 n.3 (3rd Cir. 1987). Here, Sections 11 and 17 of the Act provide for injunctive relief in order to restrain violations of, <u>inter alia</u>, the investigative and anti-discrimination provisions in the Act. See 29 U.S.C. §§ 217, 211(a). Therefore, the Secretary need not show that there is a possibility of irreparable

harm before a court may issue an injunction. Instead, the Secretary need only show that the Defendants are engaged in, or about to be engaged in, the act or practices prohibited by the statute. See Atchison, T. and S. F. Ry. Co. v. Lennen, 640 F.2d 255, 259 (10th Cir. 1981). However, to stress the gravity of Defendants' conduct, the Secretary has taken the additional step of showing that the injunction is necessary to prevent irreparable harm.

### III. DISCUSSION

The Court concludes that a Temporary Restraining Order should issue in this case. The Secretary has established that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest. Further, the Secretary has demonstrated good cause why this Order should issue.

### IV. CONCLUSION

In light of the foregoing, and upon review of the Plaintiff's motion, and any memorandum in response and reply, IT IS SO ORDERED that:

(1) Defendants be enjoined from terminating or threatening to terminate, reporting or threatening to report to immigration authorities, inflicting or threatening to inflict bodily harm on, or retaliating or discriminating against their employees in any other way, based on their belief that such employee spoke with a Department of Labor official;

(2) Defendants be enjoined from telling anyone who works for them not to speak to representatives of the Secretary or to provide false information to the Secretary or otherwise coercing employees to make false statements regarding the terms and conditions of their employment;

(3) Defendants be enjoined from obstructing the Secretary's investigation in any way;

(4) ~~Defendant Karim Ameri, or~~ a representative of the Secretary, be required to read aloud the following statement to all employees employed at Alkanan's Recycling Innovation and Valley Recycling facilities informing them of their right to speak with representatives of the Secretary free from retaliation or threats of retaliation or intimidation by Defendants, the statement to be read during employees' paid working hours:

*You are protected by the Fair Labor Standards Act and have the right to participate freely in the U.S. Department of Labor's investigation into your employer's pay practices. You have the right to speak freely with investigators or other officials from the Department of Labor. Your employer is prohibited from retaliating against you in any way, including by terminating you, reporting you to immigration, inflicting physical harm on you, or threatening to do any of these things because you spoke with the Department of Labor.*

*The U.S. District Court for the Central District of California has ordered Mr. Ameri, and anyone acting on Mr. Ameri's behalf, to cease coercing, retaliating against, threatening to retaliate against, intimidating, or attempting to influence or in any way threatening employees for providing information to the Department of Labor.* ~~The Court has barred Mr. Ameri from contacting or communicating with any employees of Alkanan regarding any complaints that employees have made or will make to the Department of Labor.~~

*Usted está protegido por la Ley de Normas Justas de Trabajo y tiene el derecho de participar libremente en la investigación del Departamento de Trabajo. Usted tiene el derecho de hablar libremente con investigadores o otras personas del Departamento de Trabajo. Su empleador está prohibido de hacer represalias contra de usted de cualquier manera incluyendo la terminación de usted, reportando usted a inmigración, infligir daño físico a usted, o amenazar con hacer cualquiera de estas cosas porque usted hablo con el Departamento de Trabajo.*

*El Tribunal Federal de Distrito Central de California ha ordenado que el señor Ameri, y cualquier persona que actúe en el nombre de él, cesen coerción o vindicación o amenazas o intimidación o intentar influir o amenazar de cualquier manera los empleados por dar información al Departamento de Trabajo.* ~~El Tribunal ha prohibido que el señor Ameri contacte o comunique con empleados de Alkanan acerca de cualquier comunicación entre ellos y el Departamento de Trabajo.~~

(5) Defendants be required to post at each worksite of Defendant Alkanan a hard copy of the statement included in ¶ 4 above, in both English and Spanish, and providing each employee with a copy of the written statement, in English and in Spanish, along with the written paystub provided to each employee with his or her next paycheck; and

(6) ~~Defendant Karim Ameri be enjoined from speaking directly to employees of Defendant Alkanan's recycling facilities, either directly or through another person acting on his behalf, regarding any communication any employee has or will have with the Department of Labor about the pending investigation by the Wage and Hour Division.~~

(6) Defendants reimburse Plaintiff for costs and expenses in maintaining the application for a temporary restraining order.

DATED: December 16, 2013

_____
U.S. District Judge

Submitted by:

M. PATRICIA SMITH
Solicitor of Labor

JANET M. HEROLD
Regional Solicitor

[PROPOSED] TEMPORARY RESTRAINING ORDER          Page 7 of 8

DANIEL J. CHASEK
Associate Regional Solicitor

NANCY E. STEFFAN
Trial Attorney

Attorneys for Plaintiff
United States Department of Labor