Janet M. Herold
Regional Solicitor
Daniel J. Chasek
Associate Regional Solicitor
**BORIS ORLOV** (CSBN 223532)
**NANCY E. STEFFAN** (CSBN 280958)
Trial Attorney
Office of the Solicitor
U.S. Department of Labor
350 S. Figueroa St., Suite 370
Los Angeles, California 90071
Direct: (213) 894-5366
Facsimile: (213) 894-2064
Email: orlov.boris@dol.gov

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **THOMAS E. PEREZ**, Secretary of Labor, United States Department of Labor, <br><br> Plaintiff, <br><br> v. <br><br> **ALKANAN, INC.** d/b/a Recycling Innovation d/b/a **Valley Recycling**, a corporation; <br> **KARIM AMERI**, an individual; <br><br> Defendants. | Case No.: CV 13-09228 GAF (JEMx) <br><br> [PROPOSED] PRELIMINARY INJUNCTION |

On December 16, 2013, Plaintiff Thomas E. Perez, Secretary of Labor for the U.S. Department of Labor ("Secretary"), filed suit against Defendants Alkanan, Inc. and Karim Ameri (collectively, "Defendants") alleging that Defendants violated provisions of Sections 11(a) and 15(a)(3) of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. §§ 211(a) and 215(a)(3). The allegations

arose while the Defendants were under investigation by the Wage and Hour Division of the Department of Labor ("Wage and Hour") for violations of the wage and recordkeeping provisions of the FLSA. On December 16, 2013 the Court issued a temporary restraining order ("TRO") prohibiting Defendants from engaging in retaliation, threatening employees and interfering in the Wage and Hour investigation. The Court ordered Defendants to show cause on December 30, 2013 why they should not be restrained and enjoined by a preliminary injunction pending trial as described in the TRO.

Plaintiff and Defendants have now agreed to resolve the matters in controversy on the Secretary's pending application for preliminary injunction and filed a stipulation to enter a Preliminary Injunction concurrently herewith. Defendants have entered into this stipulation for purposes of judicial economy and to resolve this matter of the Preliminary Injunction promptly, without admission or denial of the allegations in the Secretary's Complaint:

## I. **LEGAL STANDARD**

Section 17 of the FLSA authorizes injunction proceedings in district courts, for cause shown, to restrain violations of Section 215 of the FLSA, including discrimination against an employee because "such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to

this chapter, or has testified or is about to testify in any such proceeding." 29 U.S.C. § 217.

Normally, a party seeking a TRO under Federal Rule of Civil Procedure 65 "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." <u>Winter v. Natural Res. Def. Council, Inc.</u>, 555 U.S. 7, 20 (2008) (discussing standard for preliminary injunction); <u>Frontline Medical Associates, Inc. v. Coventry Healthcare Workers Compensation, Inc.</u>, 620 F. Supp. 2d 1109, 1110 (C.D. Cal. 2009) (requirements for issuing TRO are identical to those for preliminary injunction); <u>L.A. Unified Sch. Dist. v. U.S. Dist. Ct.</u>, 650 F.2d 1004, 1008 (9th Cir. 1981) ("if the district court's order meets the exacting requirements of a preliminary injunction, it follows a fortiori that it is acceptable as a TRO"). Alternatively, "'serious questions going to the merits' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the Winter test are met." <u>Alliance for the Wild Rockies v. Cottrell</u>, 632 F.3d 1127, 1132 (9th Cir. 2011). A "serious question" is one on which the movant "has a fair chance of success on the merits." <u>Sierra On-Line, Inc. v. Phoenix Software, Inc.</u>, 739 F.2d 1415, 1421 (9th Cir. 1984).

However, a moving party need not satisfy the standard requirements for equitable relief when an injunction is sought to prevent the violation of a federal statute, and the statute specifically provides for injunctive relief. Trailer Train Co. v. State Bd. of Equalization, 697 F.2d 860, 869 (9th Cir. 1983); Marxe v. Jackson, 833 F.2d 1121, 1128 n.3 (3rd Cir. 1987). Here, Sections 11 and 17 of the Act provide for injunctive relief in order to restrain violations of, inter alia, the investigative and anti-discrimination provisions in the Act. See 29 U.S.C. §§ 217, 211(a). Therefore, the Secretary need not show that there is a possibility of irreparable harm before a court may issue an injunction. Instead, the Secretary need only show that the Defendants are engaged in, or about to be engaged in, the act or practices prohibited by the statute. See Atchison, T. and S. F. Ry. Co. v. Lennen, 640 F.2d 255, 259 (10th Cir. 1981). However, to stress the gravity of Defendants' conduct, the Secretary has taken the additional step of showing that the injunction is necessary to prevent irreparable harm.

## II. DISCUSSION

The Court concludes that a Preliminary Injunction should issue in this case. The Secretary has established that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the bal-

ance of equities tips in his favor, and that an injunction is in the public interest. Further, the Secretary has demonstrated good cause why this Order should issue.

### III.  CONCLUSION

In light of the foregoing, and based on the parties' stipulation, IT IS SO ORDERED that:

ORDERED, ADJUDGED, AND DECREED that the Defendants, their officers, agents, servants, and employees and those persons in active concert or participation with them who receive actual notice of this order (by personal service or otherwise) be, and they hereby are, enjoined and restrained from violating the provisions of Sections 11(a) and 15(a) (3) of the FLSA, 29 U.S.C. §§211(a) and 215(a)(3), in any of the following manners, until an order has been entered finally adjudicating or resolving the allegations in the Secretary's Complaint:

(1) Defendants are enjoined from terminating or threatening to terminate, reporting or threatening to report to immigration authorities, inflicting or threatening to inflict bodily harm on, or retaliating or discriminating against their employees in any other way, based on their belief that such employee spoke with a Department of Labor official;

(2) Defendants are enjoined from telling anyone who works for them not to speak to representatives of the Secretary or to provide false information to the Secretary or otherwise coercing employees to make false statements regarding the terms and conditions of their employment;

(3) Defendants are enjoined from obstructing the Secretary's investigation in any way;

(4) Defendants are required to provide each employee with a copy of the following written statement, in English and in Spanish, along with the written paystub provided to each employee with his or her next paycheck. In addition, each new employee shall be provided with a copy of the following written statement:

> *You are protected by the Fair Labor Standards Act and have the right to participate freely in the U.S. Department of Labor's investigation into your employer's pay practices. You have the right to speak freely with investigators or other officials from the Department of Labor. Your employer is prohibited from retaliating against you in any way, including by terminating you, reporting you to immigration, inflicting physical harm on you, or threatening to do any of these things because you spoke with the Department of Labor.*
>
> *The U.S. District Court for the Central District of California has ordered Mr. Ameri, and anyone acting on Mr. Ameri's behalf, to cease coercing, retaliating against, threatening to retaliate against, intimidating, or attempting to influence or in any way threatening employees for providing information to the Department of Labor.*
>
> *Usted está protegido por la Ley de Normas Justas de Trabajo y tiene el derecho de participar libremente en la investigación del Departamento de Trabajo. Usted tiene el derecho de hablar libremente con investigadores o otras personas del Departamento de Trabajo. Su empleador está prohibido de hacer represalias contra de usted de cualquier manera incluyendo la terminación de usted, reportando usted a inmigración, infligir daño físico a usted, o amenazar con hacer cualquiera de estas cosas porque usted hablo con el Departamento de Trabajo. El Tribunal Federal de Distrito Central de California ha ordenado que el señor Ameri, y cualquier persona que actúe en el nombre de él, cesen coerción o vindicación o amenazas o intimidación o intentar influir o amenazar de cualquier manera los empleados por dar información al Departamento de Trabajo.*

(5) Prior to terminating any employee for any reason Defendants shall provide a written notice to such employee at least seven days prior to any termination. In addition, Defendants shall provide a copy of this written notice to the Wage and Hour division of the U.S. Department of Labor at least seven days prior to any termination; and

(6) Each party shall bear its own fees and other expenses incurred by such party to date of this proceeding, including but not limited to attorneys' fees, which may be available under the Equal Access to Justice Act, as amended

DATED: December 27, 2013

Gary A. Feess,
United States District Judge

Submitted by:

M. PATRICIA SMITH
Solicitor of Labor

JANET M. HEROLD
Regional Solicitor

DANIEL J. CHASEK
Associate Regional Solicitor

BORIS ORLOV
Trial Attorney

NANCY E. STEFFAN
Trial Attorney, Attorneys for Plaintiff

PRELIMINARY INJUNCTION                                       Page 8 of 8