Janet M. Herold
Regional Solicitor
Daniel J. Chasek
Associate Regional Solicitor
**BORIS ORLOV** (CSBN 223532)
**NANCY E. STEFFAN** (CSBN 280958)
Trial Attorneys
Office of the Solicitor
U.S. Department of Labor
350 S. Figueroa St., Suite 370
Los Angeles, California 90071
Direct: (213) 894-5366
Facsimile: (213) 894-2064
Email: Steffan.Nancy.E@dol.gov

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **THOMAS E. PEREZ**, Secretary of Labor, United States Department of Labor,<br><br>Plaintiff,<br><br>v.<br><br>**ALKANAN, INC. d/b/a Recycling Innovation d/b/a Valley Recycling**, a corporation;<br>**KARIM AMERI**, an individual;<br><br>Defendants. | HON. GARY A. FEESS<br><br>Case No.: 2:13-CV-09228-GAF (JEMx)<br>_____<br><br>**AMENDED COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT**<br>(Injunctive Relief Sought) |

    1.    Plaintiff Thomas E. Perez, Secretary of Labor, United States Department of Labor (the "Secretary" or "Plaintiff"), brings this action pursuant to Section 17, 29 U.S.C § 217, of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C §§ 201-19 (hereinafter "FLSA" or the "Act"), to enjoin Defendants Alkanan, Inc. d/b/a/ Recycling Innovation d/b/a Valley Recycling ("Alkanan") and

Karim Ameri from violating the provisions of Sections 6, 7, 11 and 15 of the Act, 29 U.S.C §§ 206, 207, 211 and 215.

2. Plaintiff also and separately brings this action pursuant to Section 16(c) of the FLSA, 29 U.S.C. § 216(c), for the recovery of a judgment against Defendants for minimum wage and overtime compensation due Defendants' employees listed in the attached Exhibit A (and additional employees whose claims become known to Plaintiff) and liquidated damages in an amount equal thereto, or in the event liquidated damages are not awarded, pre-judgment interest computed on the unpaid wages due.

3. Jurisdiction of this action is conferred upon the Court by Section 17 of the FLSA, 29 U.S.C. § 217; by 28 U.S.C. § 1331 (federal question); and by 28 U.S.C. § 1345 (United States as plaintiff).

4. Venue lies in the United States District Court for the Central District of California, pursuant to 28 U.S.C. § 1391(b) as a substantial part of the events or omissions giving rise to the instant claims occurred in this district.

5. On information and belief, at all times material hereto, Defendant Alkanan is and has been a California corporation licensed to do business in the State of California, with its principal place of business located at 29110 Quail Run Drive, Agoura Hills, California 91301, and a number of recycling facilities in the San Fernando Valley area, within the jurisdiction of this Court, where it is and has been engaged in the recycling business.

6. On information and belief, at all times material hereto, Defendant Alkanan is and has been an employer within the meaning of FLSA § 3(d), 29 U.S.C. § 203(d).

7. At all times material hereto, Defendant Karim Ameri is and has been an owner and/or director of Defendant Alkanan and is and has been at all relevant times an employer within the meaning of FLSA § 3(d), 29 U.S.C. § 203(d), in that he was a person acting directly or indirectly in the interest of Defendant Alkanan in relation to its employees and had economic and operational control over Defendant Alkanan and its business. Defendant Ameri runs Defendant Alkanan, hires and fires employees, sets employees' schedules, determines their salaries, and is responsible for maintaining employment records.

8. At all times relevant to this Complaint, Defendants employ and/or employed employees in and about their places of business who handled, purchased, sold, or otherwise worked on recyclable cans and bottles that have been moved in or produced for commerce by any person.

9. At all times relevant to this Complaint Defendant Alkanan, comprising seven recycling facilities in the San Fernando Valley area under the common control of Defendants, is and has been an "enterprise," as defined in FLSA § 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A), having annual gross volume of sales made or business done of not less than $500,000 (exclusive of sales taxes at the retail level that are separately stated). By reason thereof, said enterprise at all times relevant to this Complaint was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the Act.

10. (a) Defendants have violated and are violating the provisions of Section 15(a)(3) of the FLSA, 29 U.S.C. § 215(a)(3), by retaliating against employees whom the Defendants believed had engaged in activities protected by the FLSA. Defendant Ameri has unlawfully retaliated against employees by, inter alia, threatening employees whom he believes have cooperated with the Secretary's investi-

gation with deportation and physical violence and by reducing the work schedules of these employees, who previously worked over 50 hours per week, to as little as 24 hours per week.

    (b) Defendants' violations of the anti-retaliation provisions of the FLSA are willful in nature.

11.   (a) Defendants have violated and are violating the provisions of Section 11(a) of the FLSA, 29 U.S.C. § 211(a), by obstructing the Secretary's investigation into Defendants' compliance with the FLSA.  Defendant Ameri has obstructed the Secretary's investigation by, inter alia, instructing employees to provide false information to the Secretary's investigators and threatening employees with deportation and physical violence if they cooperated with the investigation.

    (b) Defendants' violations of the investigative provisions of the FLSA are willful in nature.

12.   (a) Defendants have violated and/or are violating the minimum wage requirements of Sections 6 and 15(a)(2), 29 U.S.C. §§ 206, 215(a)(2), by employing the employees listed in Exhibit A (and additional employees whose claims become known to Plaintiff) who were engaged in commerce or in the production of goods for commerce, or in an enterprise engaged in commerce or in the production of goods for commerce, for work days of 8, 9, or 10 hours and compensating said employees at a flat rate of $55 per day for new employees, and $60 or $65 per day for more experienced employees, regardless of the number of hours worked.

    (b) Defendants' violations of the minimum wage provisions of the FLSA are willful in nature.

13.   (a) Defendants have violated and/or are violating the overtime requirements of Sections 7 and 15(a)(2), 29 U.S.C. §§ 207, 215(a)(2), by employing the employees listed in Exhibit A (and additional employees whose claims become

known to Plaintiff) who were engaged in commerce or in the production of goods for commerce, or in an enterprise engaged in commerce or in the production of goods for commerce, for work weeks longer than forty (40) hours without compensating said employees for all their employment in excess of 40 hours in such work weeks at rates not less than one and one-half the regular rates at which they were employed.

(b) Defendants' violations of the overtime provisions of the FLSA are willful in nature.

14. (a) Defendants have violated and/or are violating Sections 11(c) and 15(a)(5), 29 U.S.C. §§ 211(c), 215(a)(5), by failing to maintain, keep, make available (to authorized agents of Plaintiff for inspection, transcription, and/or copying), and preserve records of employees and of the wages, hours, and other conditions and practices of employment maintained, as prescribed by the regulations promulgated by Plaintiff pursuant to the authority granted in the FLSA, published at 29 C.F.R. § 516.1.

(b) Defendants' violations of the recordkeeping provisions of the FLSA are willful in nature.

15. Defendants violated and/or are violating the monetary provisions of the FLSA, and, as a result, Defendants are liable for unpaid minimum wage and overtime compensation and an equal amount in liquidated damages under Section 16(c), 29 U.S.C. § 216(c), of the FLSA.

16. At all times relevant to this complaint, Defendants repeatedly violated the above-described provisions of the FLSA.

17. As a result of the violations of the wage provisions of the FLSA, there is unpaid minimum wage and overtime compensation due under the FLSA that is being withheld by Defendants.

18. Judgment permanently enjoining and restraining the above violations of the FLSA is specifically authorized by Section 17, 29 U.S.C. § 217.

19. Judgment awarding unpaid back wages due under the FLSA, plus an additional amount as liquidated damages that is equal to the amount of the back wages that accrued under the FLSA, is specifically authorized by Section 16(c), 29 U.S.C. § 216(c).

WHEREFORE, cause having been shown, Plaintiff prays for a Judgment against Defendants as follows:

(1) For an Order pursuant to FLSA § 17, 29 U.S.C. § 217, permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and all persons acting in their behalf and interest from prospectively violating the provisions of FLSA §§ 6, 7, 11 and 15, 29 U.S.C. §§ 206, 207, 211 and 215; and,

(2) a. For an Order pursuant to Section 16(c) of the FLSA, 29 U.S.C. § 216(c), finding Defendants liable for unpaid minimum wage and overtime compensation found by the Court to be due Defendants' employees (including those named in the attached Exhibit A and additional employees whose claims become known to Plaintiff), plus an equal amount in liquidated damages;

b. In the event liquidated damages are not awarded, pursuant to section 17 of the Act, 29 U.S.C. § 217, enjoining and restraining defendants, their officers, agents, servants, employees and those persons in active concert or participation with defendants, from withholding payment of unpaid back wages found to be due defendants' employees, and pre-judgment interest at an appropriate interest rate; and

(3) For an Order awarding Plaintiff his fees and the court costs of action; and

(4) For an Order granting Plaintiff such other and further relief as may be necessary and appropriate.

DATED:  May 1, 2014                    Respectfully submitted,

                                                        M. PATRICIA SMITH
                                                        Solicitor of Labor

                                                        JANET M. HEROLD
                                                        Regional Solicitor

                                                        DANIEL J. CHASEK
                                                        Associate Regional Solicitor

                                                        BORIS ORLOV
                                                        Trial Attorney

                                                        <u>/s/ Nancy E. Steffan</u>
                                                        NANCY E. STEFFAN
                                                        Trial Attorney
                                                        Attorneys for Plaintiff
                                                        United States Department of Labor

# EXHIBIT A

|    | EMPLOYEE LAST NAME | EMPLOYEE FIRST NAME |
|----|--------------------|---------------------|
| 1  | Cruz               | Maurer              |
| 2  | Flores             | Roberto             |
| 3  | Hernandez          | Elmer               |
| 4  | Ilario             | Alberto             |
| 5  | Peralta            | Emilio              |
| 6  | Ponce              | Christian           |
| 7  | Quintanilla        | Irvin               |
| 8  | Quintanilla        | Roger               |
| 9  | Salinas            | Oscar               |
| 10 | Salinas            | Omar                |
| 11 | Sandoval           | Rigoberto           |
| 12 | Vasquez            | Luis                |
| 13 | Villalta           | Carlos              |