JS-6

Janet M. Herold
Regional Solicitor
Daniel J. Chasek
Associate Regional Solicitor
**BORIS ORLOV** (CSBN 223532)
**NANCY E. STEFFAN** (CSBN 280958)
Trial Attorneys
Office of the Solicitor
U.S. Department of Labor
350 S. Figueroa St., Suite 370
Los Angeles, California 90071
Direct: (213) 894-5366
Facsimile: (213) 894-2064
Email: Steffan.Nancy.E@dol.gov

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **THOMAS E. PEREZ**, Secretary of Labor, United States Department of Labor, | HON. GARY A. FEESS |
| Plaintiff, | Case No.: 2:13-CV-09228-GAF (JEMx) |
| v. | **CONSENT JUDGMENT** |
| **ALKANAN, INC. d/b/a Recycling Innovation d/b/a Valley Recycling**, a corporation; **KARIM AMERI**, an individual; | |
| Defendants. | |

Plaintiff Thomas E. Perez, Secretary of Labor, United States Department of Labor ("Secretary") and Defendants, Alkanan, Inc., a California Corporation, doing business as Recycling Innovation and Valley Recycling, and Karim Ameri, individually and as managing agent of corporate defendant, have agreed to resolve the matters in controversy in this civil action and consent to the entry of this Consent Judgment in accordance herewith:

**Consent Judgment**

A.    On December 16, 2013, the Secretary filed a complaint alleging that Defendants violated Sections 11(a) and 15(a)(3) of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. §§ 211(a) and 215(a)(3).

B.    On December 16, 2013, the Court issued a Temporary Restraining Order (TRO) enjoining Defendants from terminating or threatening to terminate, reporting or threatening to report to immigration authorities, inflicting or threatening to inflict bodily harm on, or retaliating or discriminating against their employees in any other way, based on their belief that such employees spoke with the Department of Labor; from telling any of their employees not to speak to representatives of the Secretary or to provide false information to the Secretary or otherwise coercing employees to make false statements regarding the terms and conditions of their employment; and from obstructing the Secretary's investigation in any way.  Dkt. No. 7.  The TRO also required a representative of the Secretary to read a statement to employees, during paid work time, informing the employees of their right to speak with Department of Labor investigators without fear of retaliation.  Id.

C.    Also on December 16, 2013, the Court issued an Order to Show Cause (OSC) why a Preliminary Injunction should not issue.  Dkt. No. 6.

D.    Following the issuance of the TRO and OSC, Defendants retained counsel, acknowledged receipt of a copy of the Secretary's Complaint and the TRO, and waived issuance and service of process of the Summons and Complaint.  See Dkt. No. 10. On December 26, 2013, the parties stipulated to the entry of a Preliminary Injunction.  Id.

E.    On December 27, 2013, the Court entered the Preliminary Injunction enjoining Defendants from terminating or threatening to terminate, reporting or threatening to report to immigration authorities, inflicting or threatening to inflict bodily harm on, or retaliating or discriminating against their employees in any other way, based on their belief that such employees spoke with the Department of Labor; from telling any of their employees not to speak to representatives of the Secretary or to provide false information to the Secretary or otherwise coercing employees to make false statements re-

**Consent Judgment**                                             Page 2 of 21

garding the terms and conditions of their employment; and from obstructing the Secretary's investigation in any way.  Dkt. No. 12.  The Preliminary Injunction also required Defendants to provide each employee with a copy of a statement informing employees of their right to speak with Department of Labor investigators without fear of retaliation, and requires Defendants to provide notice to the affected employee and the Secretary seven days prior to terminating any employee for any reason.  Id.  Defendants represent that they have complied with the provisions of the Preliminary Injunction.

F.     The Secretary has filed a First Amended Complaint alleging that Defendants violated provisions of Sections 11(a), 15(a)(2), 15(a)(3), and 15(a)(5) of the FLSA, 29 U.S.C. §§ 211(a), 215(a)(2), 215(a)(3), and 215(a)(5).

G.     Defendants, through counsel, acknowledge receipt of a copy of the Secretary's First Amended Complaint and waive issuance and service of process of the Summons and Complaint.

H.     Defendants neither admit nor deny the allegations in the First Amended Complaint.

I.     The Secretary and Defendants waive Findings of Fact and Conclusions of Law, and agree to the entry of this Consent Judgment in settlement of this action, without further contest.

J.     Defendants admit that the Court has jurisdiction over the parties and subject matter of this civil action and that venue lies in the Central District of California.

K.     Defendants understand and agree that demanding or accepting any of the funds due employees under this Judgment or threatening any employee or retaliating against any employee for accepting money due under this Judgment or for exercising any of their rights under the FLSA is specifically prohibited by this Judgment and may subject the Defendants to equitable and legal damages, including punitive damages and civil contempt.

L.     Defendants acknowledge that Defendants and any individual or entity acting on their behalf or at their direction (including but not limited to managers or supervi-

sors at Defendants' recycling facilities) have notice of, and understand, the provisions of this Consent Judgment.

It is therefore, upon motion of the attorneys for the Secretary, and for cause shown,

ORDERED, ADJUDGED, AND DECREED that the Defendants, their officers, agents, servants, and employees and those persons in active concert or participation with them  who receive actual notice of this order (by personal service or otherwise) be, and they hereby are, permanently enjoined and restrained from violating the provisions of Sections 11(a), 15(a)(2), 15(a)(3), and 15(a)(5) of the FLSA, 29 U.S.C. §§ 211(a), 215(a)(2), 215(a)(3), and 215(a)(5), in any of the following manners:

1.  Defendants shall not, contrary to FLSA § 6, 29 U.S.C. § 206, pay any employee who in any workweek is engaged in commerce, within the meaning of the FLSA, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of FLSA § 3(s), wages at a rate less than $7.25 an hour (or less than the applicable minimum rate as may hereafter be established by amendment to the FLSA).

2.  Defendants shall not, contrary to FLSA § 7, 29 U.S.C. § 207, employ any employee who in any workweek is engaged in commerce, within the meaning of the FLSA, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of FLSA § 3(s), for any workweek longer than 40 hours unless such employee receives compensation for his or her employment in excess of 40 hours in such workweek at a rate not less than one and one-half times the regular rate at which he or she is employed.

3.  Defendants shall not fail to make, keep, make available to authorized agents of the Secretary for inspection, transcription, and/or copying, upon their demand for such access, and preserve records of employees and of the wages, hours, and other conditions and practices of employment maintained, as prescribed by regulations issued, and from time to time amended, pursuant to FLSA §§ 11(c) and 15(a)(5), 29 U.S.C. §§ 211(c) and

215(a)(5) and the implementing regulations found in Title 29, Code of Federal Regulations, Part 516.

4.     Defendants, jointly and severally, shall not continue to withhold the payment of $ 38,000 in minimum wage and overtime pay, and restitution hereby found to be due under the FLSA to 13 employees, as a result of their employment by Defendants during the period of October 31, 2010 through November 2, 2013 ("back wage accrual period") as set forth in the attached Exhibit 1, showing the name of each employee and listing on the same line the gross backwage amount due the employee and the period covered by the Consent Judgment.

5. IT IS ORDERED AND ADJUDGED that the plaintiff shall also have and recover from the defendants, jointly and severally, the additional amount of $ 36,000 as liquidated damages hereby found to be due under the FLSA.

6.     To accomplish the requirements of Paragraphs 4 and 5, Defendants shall deliver to the Wage and Hour Division, United States Department of Labor, 915 Wilshire Blvd, Suite 960, Los Angeles, CA 90017, the following:

a. On or before June 1, 2014, a schedule in duplicate bearing the name of the corporate Defendants, employer identification number, address, and phone number of the corporate Defendants and showing the name, last known (home) address, social security number, gross backwage and liquidated damage amount for each person listed in the attached Exhibit 1.

b. Defendants shall deliver to Wage Hour the payments set forth on the attached Exhibit 2. Each payment shall be made by a check or money order and includes interest calculated at 0.5% per year on the unpaid balance until the balance is paid in full. The checks for payments 1 through 8 shall have the Firm name and "LDs + Int." written on it, payable to the order of the "Wage and Hour Div., Labor," and be delivered on or before the date the payment is due as set forth in Exhibit 2. The checks for payments 9 through 19 shall have the Firm name and "BWs + Int." written on each, payable to the order of the "Wage and Hour Div.,

Labor," and be delivered on or before the date the payment is due as set forth in Exhibit 2.

c. In the event of any default in the timely making of any payment due hereunder, the full amount due under the backwage and liquidated damages provisions of this Judgment which then remains unpaid, plus post-judgment interest at the rate of 10% per year, from the date of this Judgment until paid in full, shall become due and payable upon the Secretary's sending by Certified mail a written demand to the last business address of the defendants then known to the Secretary. Defendants shall have Seven (7) business days from receipt of the Secretary's written demand to cure any default prior to Defendants being deemed in breach of this Agreement.

d. The Secretary shall allocate and distribute the funds described in paragraphs 4 and 5 less deductions for employees' share of social security and withholding taxes on the backwage amounts to the persons named in the attached Exhibit 1, or to their estates if that be necessary, in his sole discretion, and any money not so paid within a period of three years from the date of its receipt, because of an inability to locate the proper persons or because of their refusal to accept it, shall be then deposited in the Treasury of the United States, as miscellaneous receipts, pursuant to 29 U.S.C. § 216(c).

7.     On or before January 1, 2016, a check or money order with the firm name and "OT/CMP" written thereon payable to the order of "Wage & Hour Div., Labor," in the amount of $3,014.27 in payment of the civil money penalty assessed against the defendants for overtime pay violations plus interest.

8. Defendants shall amend and maintain their payroll practices to comply with the FLSA. To accomplish the provisions of this paragraph:

a.   Defendants shall implement a timekeeping system at each of their recy-

**Consent Judgment**                                                    Page 6 of 21

cling facilities in order to accurately record the number of hours worked by each employee.

b.  Defendants shall record all hours worked by employees in the payroll records.

c.  Defendants shall maintain all timecards and payroll records for a period of not less than three years.

d.  For each work week, Defendant shall sum the time indicated on the time records recorded on the time clock by each employee to identify the time worked each day and each workweek. Each pay period Defendant shall prepare a statement of hours worked by each employee for each day, week and pay period ("Work Hours Summary"). Such Work Hours Summary shall state the regular rate, which shall be calculated in full compliance with 29 C.F.R. §§ 778.108-09. Defendant shall calculate the half-time premium for hours worked over forty in each work week by dividing the regular rate in half.

e.  For the First Four  (4) pay-periods after entering into this Agreement, Defendant shall have each employee review his/her Work Hours Summary and write in corrections if necessary. Each hours worked summary shall contain a statement in English that "Recycling Innovation" must pay you for all hours worked, which includes all time that you are required to be on the employer's premises and are not free from duties. If you think Recycling Innovation has not paid you for all hours you worked, you can call the U.S. Department of Labor to make a confidential complaint at 1-866-4US- WAGE." Immediately upon issuance and

for two years thereafter, Defendants shall maintain copies of all Work Hours Summary for inspection by the Department of Labor.

f.  Defendants shall reflect all amounts paid to employees, regardless of the manner of payment, on the payroll records.

g.  Defendants shall train all supervisors, managers and schedulers at the recycling facilities regarding the requirements of this consent judgment and shall provide a copy of this judgment to all supervisors, managers and schedulers.

h.  Defendants shall pay employees for all compensable waiting time. Compensable time shall be defined as the time the employees are on the premises of the recycling facilities during business hours and are available to work with the exception for bona fide meal periods of at least 30 minutes during which the employees are completely free from work.

i.  Defendants shall not alter or manipulate time or payroll records to reduce the number of hours actually worked by an employee.

j.  Defendants shall not direct supervisors or payroll preparers to falsify time or payroll records in any manner including reducing the number of hours worked by employees.

k.  Defendants shall not request, require or otherwise cause employees to sign inaccurate time records.

l.  Defendants shall not require or permit employees to work "off the clock" either before or after their shift.

m. Defendants shall record all work performed by a single employee during a pay period on one time card and not split up the hours worked on multiple time cards regardless of the number of locations, duties, or tasks worked or performed by that employee.

10.  Defendants, their officers, agents, servants, and employees and those persons in active concert or participation with them, shall not in any way directly or indirectly, demand, require or accept any of the backwages, liquidated damages, or funds in restitution from any of the employees listed on the attached Exhibit 1.  Defendants shall not threaten or imply that adverse action will be taken against any employee because of the employee's receipt of funds due under this Judgment.  Violation of this paragraph may subject the defendants to equitable and legal damages, including punitive damages and civil contempt.

11.  Defendants, their officers, agents, servants, and employees and those persons in active concert or participation with them, shall not in any way violate Sections 11(a) or 15(a)(3) of the FLSA, 29 U.S.C. §§ 211(a) and 215(a)(3), including but not limited to the following:

a.  Defendants shall not terminate, threaten to terminate, or imply that any employee will be terminated; reduce the work hours, threaten to reduce the work hours, or imply that work hours will be reduced for any employee; report or threaten to report any employee to immigration authorities, or imply that any employee will be reported immigration authorities; inflict bodily harm, threaten to inflict bodily harm, or imply that bodily harm will be inflicted on any employee; or retaliate or discriminate against employees in any other way because the employee has complained about violations of the FLSA, or because Defendants believe the employee has complained to the Secretary or cooperated in any way with an investigation by the Secretary;

b.  Defendants shall not tell any of their employees not to speak to representatives of the Secretary or to provide false information to the Secretary or to ask other employees to provide false information to the Secretary or otherwise coerce any employee to make a false statement regarding the terms and conditions of his or her employment.

**Consent Judgment**

Violation of this paragraph may subject the defendants to equitable and legal damages, including punitive damages and civil contempt.

12.     Prior to terminating any employee for any reason, Defendants shall provide a written notice to such employee at least seven days prior to any termination.  When the contemplated termination is for cause, such as theft or physical violence, that employee may be suspended without pay during the pendency of the seven day notice. In addition, Defendants shall provide a copy of this written notice to the Wage and Hour Division of the U.S. Department of Labor at least seven days prior to any termination.  This provision shall be in effect for a period of six months from the date of entry of this Judgment by the Court.

13.     Defendants shall hire an independent third party to conduct training on the requirements of the FLSA.  The training shall be for one session of not less than one hour with an opportunity for questions and answers and shall address the FLSA's minimum wage, overtime, record keeping, investigative, and anti-retaliation requirements. All managers, supervisors, individuals who determine employees' hours or pay, and individuals who play any role in preparing payroll, shall receive training.  The training shall be conducted within six months of the date of entry of this Consent Judgment.  Defendants shall maintain documentation of this training for a period of four years and provide it to representatives of the Secretary of Labor upon their request.

14.     Within 10 days of the entry of this Judgment Defendants shall supply all of their employees at the recycling facilities with copies of the attached Exhibit 3, which summarizes, in English and Spanish, terms of this Judgment and the employees' rights under the FLSA.  In addition, every six months thereafter, Defendants shall provide copies of Exhibit 3 to all employees  then working at the recycling facilities. Further, Defendants shall provide copies of Exhibit 3 to any new hires.   This provision shall be in effect for a period of two years from the date of entry of this Judgment by the Court.

ORDERED that the filing, pursuit, and/or resolution of this proceeding with the

**Consent Judgment**                                                      Page 10 of 21

entry of this Judgment shall not act as or be asserted as a bar to any action under FLSA§ 16(b), 29 U.S.C. § 216(b), as to any employee not named on the attached Exhibit 1 nor as to any employee named on the attached Exhibit 1 for any period not specified therein; and, it is further

ORDERED that each party shall bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding, including but not limited to attorneys' fees, which may be available under the Equal Access to Justice Act, as amended; and, it is further

ORDERED that this Court shall retain jurisdiction of this action for purposes of enforcing compliance with the terms of this Consent Judgment.

Dated: May 21, 2014.

_____
GARY A. FEESS
UNITED STATES DISTRICT JUDGE

1  For the Defendants:
2  The Defendants hereby appear, waive any
   defense herein, consent to the entry of
3  this Judgment, and waive notice by the
4  Clerk of Court:

5
6  For:  Alkanan, Inc. d/b/a Recycling Innovation, d/b/a Valley Recycling
7
8  By: _____          5 / 20 / 14
9        Karim Ameri                            Date
10 Its: Owner
11
12 For:  Karim Ameri
13
14 By: _____          5 / 20 / 14
15       Karim Ameri, Individually              Date
16
17
18
19
20
21
22
23
24
25
26
27
28

**Consent Judgment**                                          Page 12 of 21

1 | Attorney for the Defendants

2 | Reza I. Gharakhani, Esq.

3

4 | Approved as to Form Only

5

6

7

8 | Reza I. Gharakhani, Esq.
Rostow & Auster LLP

9 | Suite 3850

10 | 2049 Century Park East
Los Angeles, California 90067

11 | Telephone: (310) 772-0080

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5/19/14
Date

**Consent Judgment**

1

For the Plaintiff:

2

M. PATRICIA SMITH

3

Solicitor of Labor

4

JANET M. HEROLD

5

Regional Solicitor

6

DANIEL J. CHASEK

7

Associate Regional Solicitor

8

BORIS ORLOV

9

Trial Attorney

10

11

_____                  05/20/2014

12

NANCY E. STEFFAN, Attorney                  Date

13

Attorneys for the Plaintiff
U.S. Department of Labor

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Consent Judgment**                                        Page 14 of 21

**EXHIBIT 1**

| Last Name | First Name | Period Covered | | Back Wages | Liquidated Damages | Interest | Total |
|---|---|---|---|---|---|---|---|
| Cruz | Maurer | 3/7/2013 | 10/29/2013 | $2,900.00 | $2,400.00 | $18.40 | $5,318.40 |
| Flores | Roberto | 10/29/2010 | 10/29/2013 | $2,570.00 | $2,570.00 | $17.84 | $5,157.84 |
| Hernandez | Elmer | 7/21/2011 | 10/29/2013 | $4,100.00 | $3,600.00 | $26.73 | $7,726.73 |
| Ilario | Alberto | 12/6/2012 | 10/29/2013 | $2,760.00 | $2,760.00 | $19.16 | $5,539.16 |
| Peralta | Emillo | 10/28/2010 | 10/29/2013 | $3,600.00 | $3,600.00 | $24.99 | $7,224.99 |
| Ponce | Christian | 12/6/2012 | 10/29/2013 | $3,640.00 | $3,140.00 | $23.53 | $6,803.53 |
| Quintanilla | Irvin | 1/3/2013 | 10/29/2013 | $2,020.00 | $2,020.00 | $14.02 | $4,054.02 |
| Quintanilla | Roger | 1/3/2013 | 10/29/2013 | $2,020.00 | $2,020.00 | $14.02 | $4,054.02 |
| Salinas | Oscar | 11/17/2011 | 10/29/2013 | $1,650.00 | $1,650.00 | $11.45 | $3,311.45 |
| Salinas | Omar | 12/20/2012 | 10/29/2013 | $2,000.00 | $2,000.00 | $13.88 | $4,013.88 |
| Sandoval | Rigoberto | 9/20/2012 | 10/29/2013 | $4,000.00 | $3,500.00 | $26.03 | $7,526.03 |
| Vasquez | Luis | 10/29/2010 | 10/29/2013 | $2,500.00 | $2,500.00 | $17.36 | $5,017.36 |
| Villata | Carlos | 10/29/2010 | 10/29/2013 | $4,240.00 | $4,240.00 | $29.43 | $8,509.43 |
| **Total** | | | | $38,000.00 | $36,000.00 | $256.86 | **$74,256.86** |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### EXHIBIT 2

| Payment No. | Due Date | Amount Due | Interest Due | Total Pay-ment Due | Type |
|---|---|---|---|---|---|
| 1 | 6/1/2014 | $12,000.00 | | $12,000 | Liquidated damages |
| 2 | 7/1/2014 | $3,444.44 | $14.27 | $3,458.71 | Liquidated damages |
| 3 | 8/1/2014 | $3,444.44 | $14.27 | $3,458.71 | Liquidated damages |
| 4 | 9/1/2014 | $3,444.44 | $14.27 | $3,458.71 | Liquidated damages |
| 5 | 10/1/2014 | $3,444.44 | $14.27 | $3,458.71 | Liquidated damages |
| 6 | 11/1/2014 | $3,444.44 | $14.27 | $3,458.71 | Liquidated damages |
| 7 | 12/1/2014 | $3,444.44 | $14.27 | $3,458.71 | Liquidated damages |
| | | $3,333.36 | $13.81 | $3,347.17 | Liquidated damages |
| 8 | 1/1/2015 | $111.08 | $0.46 | $111.54 | Back Wages |
| 9 | 2/1/2015 | $3,444.44 | $14.27 | $3,458.71 | Back Wages |
| 10 | 3/1/2015 | $3,444.44 | $14.27 | $3,458.71 | Back Wages |
| 11 | 4/1/2015 | $3,444.44 | $14.27 | $3,458.71 | Back Wages |
| 12 | 5/1/2015 | $3,444.44 | $14.27 | $3,458.71 | Back Wages |
| 13 | 6/1/2015 | $3,444.44 | $14.27 | $3,458.71 | Back Wages |
| 14 | 7/1/2015 | $3,444.44 | $14.27 | $3,458.71 | Back Wages |
| 15 | 8/1/2015 | $3,444.44 | $14.27 | $3,458.71 | Back Wages |
| 16 | 9/1/2015 | $3,444.44 | $14.27 | $3,458.71 | Back Wages |
| 17 | 10/1/2015 | $3,444.44 | $14.27 | $3,458.71 | Back Wages |
| 18 | 11/1/2015 | $3,444.44 | $14.27 | $3,458.71 | Back Wages |
| 19 | 12/1/2015 | $3,444.52 | $14.27 | $3,458.79 | Back Wages |
| 20 | 1/1/2016 | $3,000.00 | $14.27 | $3,014.27 | Civil Money Penalty |

**Consent Judgment**

EXHIBIT 3

## LEGAL NOTICE TO ALL EMPLOYEES

To resolve a lawsuit brought by the **Department of Labor**, the **United States District Court** entered an Order forbidding **Alkanan, Inc. (d/b/a Recycling Innovations and Valley Recycling) and Mr. Karim Ameri** from violating the minimum wage, overtime requirements and the investigation anti-retaliation provisions of the **Fair Labor Standards Act**.  All employees who work in this establishment can help the employer not to violate the Court's Order.  **If you think you are not being paid in accordance with the law, call the U.S. Department of Labor, Wage and Hour Division, at** (213) 894-6375 **and your name will be kept confidential.**

In a settlement with the United States Department of Labor, Alkanan and Mr. Ameri have voluntarily agreed to pay back wages and liquidated damages provided for in this judgment and to take other steps to ensure compliance with the Fair Labor Standards Act ("FLSA").

The **Fair Labor Standards Act** provides that all employees must be paid **minimum wage** for all hours worked.  In addition, employees must be

**Consent Judgment**

paid **overtime**, at a rate of time and one half their regular rate, for the hours they work over 40 in a workweek.  All employees, whether they are paid **hourly** or on a **piece or flat rate** basis are entitled to overtime when they work over 40 hours.

All employees who are on the premises during business hours and are available to work must be punched in on the time clock and must be paid for this time. Meal breaks of at least 30 minutes during which the employee is completely free from work are exempted from this requirement.

The **Fair Labor Standards Act** and an Order issued by the United States District Court prohibits retaliation against any employees who complain about their pay or work hours.  The Court has prohibited Mr. Ameri and anyone acting on his behalf from retaliating against, threatening to retaliate against, intimidating, or attempting to influence or in any way threatening the employees or former employees of Recycling Innovation or Valley Recycling in any way for providing information to the Department of Labor or complaining about their hours or pay.

**Consent Judgment**

**NOTICIA LEGAL A TODOS LOS EMPLEADOS**

Para resolver una demanda presentada por el Departamento de Trabajo, el Tribunal Distrito de los Estados Unidos emitió una Orden prohibiendo Alkanan, Inc. (Recycling Innovations and Valley Recycling) y Sr. Karim Ameri de violar el salario minimo, los requisitos de las horas del sobre tiempo, las provisiones de investigación, y las provisiones contra la represalia de La Ley De Normas Justas De Trabajo.  Todos los empleados que trabajan en este establecimiento pueden ayudar al empleador a no violar la Orden del Tribunal. Si usted piensa que no le están pagando de acuerdo con la ley, llame al Sección de Horas y Sueldos del Departamento de Trabajo de los Estados Unidos a (213) 894-6375 y su nombre se mantendrá confidencial.

En resolución con el Departamento de  Trabajo, Alkanan, Inc. y Sr. Ameri ha voluntariamente quedado de acuerdo de pagar salarios atrasados y daños liquidados provisto en este juicio y tomar otros pasos para asegurar complimiento con la Ley de Normas Justas de Trabajo.

La Ley De Norma Justas De Trabajo exige que todos los empleados deban ser pagados el sueldo mínimo por todas las horas trabajadas.  Además,

los empleados deban ser pagados el sobretiempo, a tiempo y medio de su tasa del pago regular, por todas las horas trabajadas en exceso de 40 en una semana laboral.

Todos los empleados, aunque les pagan por hora o por pieza o cantidad fija tienen derecho a recibir sobretiempo cuando trabajan más de 40 horas. Todos los empleados que están en el establecimiento durante el horario laboral del negocio y están disponibles para trabajar deben estar ponchados en el reloj y deben ser pagados por este tiempo.  Descansos para comer por lo menos de 30 minutos y que están completamente libre del trabajo no requiere ser pagados.

La Ley De Normas Justas De Trabajo y la Orden emitida por el Tribunal Distrito de los Estados Unidos han prohibido represalias contra cualquier empleado que se queja de su pago o horas de trabajo.  El Tribunal ha prohibido el dueño de Alkanan, Inc. (Recycling Innovations y Valley Recycling) y cualquier persona que actué en nombre del empleador de tomar represalias contra, amenazando con tomar represalias en contra, intimidar, o el intento de influir o de cualquier manera amenazar los empleados o ex empleados de

Recycling Innovations o Valley Recycling en cualquier forma de proporcionar información al Departamento de Trabajo o quejándose de sus horas o pago.